UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Damiane McCoy, *also known as Damaine Antron McCoy*, <br><br> Petitioner, <br><br> v. <br><br> Warden of Evans Correctional Institution, <br><br> Respondent. | C/A No. 9:24-cv-03808-RMG-MHC <br><br> **REPORT AND RECOMMENDATION** |

The pro se Petitioner, Damiane McCoy, also known as Damaine Antron McCoy, an inmate at South Carolina Department of Corrections (SCDC), brings this action as an application for a writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2254. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In the Court's Order dated August 27, 2024, Petitioner was given the opportunity to bring his case into proper form by providing the item specified in the Order. He was also advised of pleading deficiencies and given an opportunity to file an amended petition. *See* ECF No. 3. Petitioner has not provided the item necessary to bring his case into proper form. He did not file a complete amended petition, but filed a one-page response (Response) to the notice to amend titled "AMENDS BY PETITIONER[,]" that is discussed further below. ECF No. 6. On November 7, 2024, Petitioner filed additional notices (ECF Nos. 7 and 8) that are also discussed below.

## I.   BACKGROUND

Petitioner was an inmate at the Evans Correctional Institution of the SCDC at the time he filed this action. SCDC records indicate that Petitioner was recently transferred to the Tyger River Correctional Institution. *See* SCDC Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-

public/ [Search Inmate "Damaine McCoy"] (last visited Oct. 7, 2024).[1] In the Petition, he appears to be challenging his conviction for assault first degree for which he was sentenced to ten years' imprisonment and his conviction for resisting arrest with a deadly weapon for which he was sentenced to seven and one-half years' imprisonment. *See* ECF No. 6.

Records from Marlboro County indicate that Petitioner filed a direct appeal of his sentences (case numbers 2017A3410100177 and MAR0967). The direct appeal was dismissed on December 8, 2021, with a remittitur date of January 5, 2022. Petitioner filed an application for post-conviction review (PCR) on January 5, 2022 (case number 2022CP3400004), and an order of dismissal[2] was issued on March 27, 2023.[3] There is no indication that Petitioner filed an appeal of his PCR. *See* Marlboro County Fourth Judicial Circuit Public Index [search case numbers listed above] (last visited Oct.7, 2024); *State v. McCoy*, No. 2020-000180, 2021 WL 5828410 (S.C. Ct. App. Dec. 8, 2021).

## II.    STANDARD OF REVIEW

A pro se habeas petition is reviewed pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court, 28 U.S.C. § 2254; the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following

---

[1] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

[2] It is unclear whether Petitioner pled guilty to the charges or if he was found guilty in a jury trial. The entries as to each case in the Marlboro County records have notations of "pled guilty[,]" but the order of dismissal in the PCR case indicates that Petitioner was found guilty in a jury trial. Petitioner did not check a box to indicate his plea and in response to a question asking what kind of trial he had (judge or jury) he nonsensically wrote "plea to a[n] injury trial." ECF No. 1 at 1-2.

[3] There is no indication in the record as to any remittitur date.

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Court screens a petitioner's lawsuit to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even when considered under this less stringent standard, for the reasons set forth below, the Petition submitted in this case is subject to summary dismissal.

### III.   DISCUSSION

A.   <u>Failure to State a Cognizable Ground for Relief/Failure to State Relief Requested</u>

Petitioner has not stated any cognizable ground for relief in his Petition or Response. In his Petition, he does not state any ground for relief. Petitioner failed to respond to the question on the Petition form asking him to state "Ground One" for relief (*see* ECF No. 1 at 5) and did not state any other ground(s) for relief. *See* ECF No. 1 at 5-12. In the space for "supporting facts" for Ground One, Petitioner wrote "THAT THE AMOUNT OF PEOPLE INJURIED IN THE CASE WAS ONE AND SHOULD BE ONE CHARGE." ECF No. 1 at 5 (errors in original). In his amendment statement, Petitioner wrote:

> NG OF ASSAULTS 1, 2, 3 OR ANY HIGHER ASSAULT OF PROFILE.
> G (OF LESSER) FAILURE TO COMPLY WITH A FAILURE TO COMPLY OBJECT. (AFTER BEING ASSAULTED BY ONE BEING CHARGED FOR.)
> ALREADY OVER 65% OF 10 YEARS COMPLETED AND ENOUGH TO BE RELEASED ON. CREDITS OF TIME INCARCERATED IS TO BE GIVEN UP TO DATE. (CONCURRENCY)
> JUDGEMENTS
> SETTLEMENT SESSIONS V. READING ORDER

HEARING V. CASTING
(TYPES OF ROUTE LEADWAYS TO CLOSE CASE.)

ECF 6 (errors in original). Thus, Petitioner fails to assert a ground for relief in which he alleges that he is being held in violation of the Constitution, laws, or treaties of the United States.

Additionally, in response to the question on the Petition form asking what relief Petitioner wants the Court to grant, he wrote "conviction and sentence by the SCDC and South Carolina detention center detain posting sentence." ECF No. 1 at 15. It is unclear from this statement what relief Petitioner is requesting.

Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts requires that a § 2254 petition "(1) specify all the grounds for relief available to the petitioner" and "(2) state the facts supporting each ground." Rule 2(c)(1), (2), Rules Governing § 2254 Cases. "'[I]n order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified.'" *Bullard v. Chavis*, 153 F.3d 719, 1998 WL 480727, at *2 (4th Cir. 1998) (Table) (quoting *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990)). "'These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" *Id.* Here, Petitioner has failed to specify all grounds for relief available to him and has not stated facts supporting each ground. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Thus, the Petition should be summarily dismissed because Petitioner fails to provide sufficient information to ascertain the grounds on which he asserts for habeas relief. *See Peyatt v. Holland*, 811 F.2d 1505, at *1 (4th Cir. 1987).

B.      Failure to Exhaust State Court Remedies

It is also recommended that this Petition be dismissed because Petitioner has not exhausted his state court remedies. A state prisoner seeking habeas relief ordinarily "must exhaust his

remedies in state court" and must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999); *see* 28 U.S.C. § 2254(b) (explaining the exhaustion requirement). Section 2254 requires that, before seeking habeas corpus relief, a petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Stated plainly, in the interest of giving state courts the first opportunity to consider alleged constitutional errors in state proceedings, a § 2254 petitioner is required to "exhaust" all state remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

To exhaust state court remedies in South Carolina from a criminal conviction or sentence, a defendant may file a direct appeal. *See* SCACR 203(b)(2). If a direct appeal is filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner may file a PCR application in a court of common pleas. *See* S.C. Code § 17-27-10, *et seq.* (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's PCR application is denied or dismissed by a court of common pleas, the petitioner can file a request for writ of certiorari with a South Carolina appellate court. *See* S.C. Code § 17-27-100; *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). If a petitioner's PCR application is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion). Here, it appears that Petitioner

has not exhausted his state remedies because there is no indication that Petitioner sought appellate review in the state court after the dismissal of his PCR.[4]

C.   Failure to Bring Case Into Proper Form

Additionally, Petitioner has failed to bring this case into proper form. In the Court's August 8, 2023 Order, Petitioner was given the opportunity to bring his case into proper form by paying the five-dollar filing fee for a habeas corpus action or completing and returning a fully completed and signed Form AO-240 (application to proceed *in forma pauperis*). Petitioner was specifically warned that his failure to provide the necessary item within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 3.

The deadline for Petitioner to get his case into proper form has passed, and Petitioner has not provided the proper form item. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

D.   Additional Notices Filed by Petitioner

On October 7, 2024, Petitioner filed notices in which he appears to complain about events that occurred after the filing of this action, including what appear to be complaints about his

---

[4] To the extent that Petitioner may now be attempting to challenge the calculation of his sentence, he failed to provide a complete Amended Petition. It is unclear his ground for relief. To the extent he is challenging the sentencing court's sentences he fails to show he has exhausted his state court remedies, as discussed above. To the extent he is challenging a decision of the SCDC, there is no indication that he exhausted his administrative remedies before filing suit. *See Al-Shabazz v. State*, 527 S.E.2d 742 (S.C. 2000); *Johnson v. Joyner*, No. CV 1:16-1532-MGL-SVH, 2016 WL 3344394, at *2 (D.S.C. May 31, 2016) ("Under *Al-Shabazz*, a petitioner is required to initiate a grievance with SCDC, obtain a final decision, seek review by the SCALC, and then seek judicial review by the South Carolina Court of Appeals before seeking federal habeas review."), *report and recommendation adopted*, No. CV 1:16-01532-MGL, 2016 WL 3199315 (D.S.C. June 9, 2016).

medical care. *See* ECF Nos. 7 and 8. He has also attached a notice of a denial of parole and incident reports about events at Tyger River Correctional Institution. *See* ECF No. 8-1. Petitioner asserts claims about persons and events that are unrelated to this action. To the extent Petitioner wants to bring claims about these alleged incidents, he may file a new lawsuit.

Additionally, to the extent Petitioner may be attempting to assert that Respondent is in default, he is mistaken and any motion for default should be denied. This case was under initial review at the time Petitioner filed his notices, he has not brought his case into proper form, and the case has not been served. *See* ECF No. 3; *General Order In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). Moreover, there is no indication that Respondent has been served with the Petition.

### IV. RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the Petition in this action be **DISMISSED** without prejudice, without leave to amend,[5] and without requiring Respondent to file a return.[6]

**Petitioner's attention is directed to the important notice on the next page.**

_____
Molly H. Cherry
United States Magistrate Judge

October 9, 2024
Charleston, South Carolina

---

[5] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

[6] Petitioner has not submitted any change of address. However, as noted above, records from SCDC indicate that Petitioner was recently moved to Tyger River Correctional Institution. The Clerk of Court is directed to send a copy of this Report and Recommendation to Petitioner at his address of record and to Petitioner at Tyger River Correctional Institution, 13A-0011-A, 100-200 Prison Road, Enoree, SC 29335-9308.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  Post Office Box 835
>  Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).