## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | |
|---|---|
| Damiane McCoy, *also known as Damaine Antron McCoy*,<br><br>Petitioner,<br><br>v.<br><br>Warden of Evans Correctional Institution,<br><br>Respondent. | Case No. 9:24-cv-3808-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending summary dismissal of Petitioner's case. (Dkt. No. 10). Petitioner did not file objections to the R&R. For the reasons set forth below, the R&R is adopted as the Order of the Court and Petitioner's case is dismissed without prejudice, without leave to amend and without requiring Respondent to file a return.

### I.    Background

Petitioner, proceeding pro se, is an inmate at the Tyger River Correctional Institution who seeks to challenge his convictions for first degree assault and resisting arrest with a deadly weapon.[1] Petitioner filed an appeal following his convictions, which was dismissed on December 8, 2021 with a remittitur date of January 5, 2022. (Dkt. No. 10 at 2). Petitioner proceeded to file an application for post-conviction review, which was dismissed on March 27, 2023. (*Id.*). The Magistrate Judge found no evidence that Petitioner appealed the dismissal of his application for post-conviction review. (*Id.*). Petitioner's habeas petition was removed to this Court on June 20, 2024. (Dkt. No. 1).

---

[1] At the time of filing his federal habeas petition, Petitioner was incarcerated at the Evans Correctional Institution.

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

Petitioner appears to challenge his conviction on the grounds that "the amount of people injured in the case was one and should be one charge" in his habeas petition. (Dkt. No. 1 at 5). The R&R determined that Petitioner failed to state a cognizable ground for relief such that his petition should be summarily dismissed. (Dkt. No. 10 at 4). The R&R also recommends dismissal on the grounds that Petitioner did not exhaust his state court remedies by failing to appeal the denial of his application for post-conviction relief. (*Id.* at 5-6). Alternatively, the R&R recommends dismissal because Petitioner failed to bring his case into proper form after he was ordered to do so by the Court on August 8, 2023. (Dkt. No. 3). Petitioner did not object to the R&R.

Finding no clear error, the Court **ADOPTS** the R&R as the Order of the Court. Petitioner's case is **DISMISSED** without prejudice, without leave to amend and without requiring Respondent to file a return.

**AND IT IS SO ORDERED.**

_s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 31, 2024
Charleston, South Carolina